IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2002

## MONTEZ ANTUAN ADAMS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-99-28     Clayburn Peeples, Judge**

---

**No. W2001-02488-CCA-R3-PC  - Filed January 9, 2003**

---

The petitioner Montez Antuan Adams, appeals the Madison County Circuit Court's denial of his petition for post-conviction relief. He contends that the trial court improperly determined that he did not sufficiently allege facts to support one of his claims and improperly struck the claim from his amended petition. We remand the case for another evidentiary hearing in order for the petitioner to present evidence regarding the dismissed claim and for the trial court to make appropriate findings of fact consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed, Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

A. Russell Larson, Jackson, Tennessee, for the appellant, Montez Antuan Adams.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the petitioner and his two codefendant's shooting and killing the victim during a burglary of the victim's home in September 1996. The record reflects that all three defendants were charged with several crimes, including first degree felony murder, and tried together. In a pretrial hearing, the defendants' attorneys asked the trial court to instruct the jury on lesser included offenses of felony murder, but the trial court refused. A jury convicted the defendants of felony murder, especially aggravated burglary, conspiracy to commit especially aggravated burglary, and theft of property valued more than five hundred dollars, and the trial court sentenced the petitioner as a Range II offender to life, twenty years, eight years, and four years, respectively. The trial court ordered that the latter three sentences run concurrently to each other but

consecutively to the life sentence. The petitioner's trial attorney also represented him on appeal. The attorney did not raise the lesser included offenses issue, and this court affirmed the petitioner's convictions for felony murder, conspiracy, and theft. See Montez Antuan Adams v. State, No. 02C01-9709-CC-00352, Madison County (Tenn. Crim. App. Sept. 1, 1998), app. denied (Tenn. Apr. 5, 1999). However, this court modified the petitioner's conviction for especially aggravated burglary to aggravated burglary and resentenced him to ten years for that conviction.

The petitioner filed a pro se petition for post-conviction relief, which was amended by appointed counsel. In the petition, the petitioner raises several ineffective assistance of counsel claims. Relative to the petitioner's issue in this appeal, paragraph seven of the amended petition states that

> it was clearly ineffective on behalf of the trial counsel to not protect him from trial courts creating a jury charge which did not comply with the laws of the State of Tennessee and did not protect the constitutional rights of the Petitioner.

At the evidentiary hearing, but before any witnesses testified, the petitioner's attorney explained to the trial court that the jury instructions were improper because they did not include any lesser included offenses of felony murder. The state asked the trial court to strike paragraph seven from the petition because the petitioner failed to specify why the jury charge was improper and, therefore, "did not state the specific facts that support the claim." See Tenn. Code Ann. § 40-30-206(d); see also Tenn. Code Ann. § 40-30-204(e) (providing that the petition must "include allegations of fact supporting each claim for relief"). The trial court agreed with the state, struck paragraph seven from the petition, and ordered the petitioner to proceed with his remaining claims.

The petitioner's trial attorney testified at the evidentiary hearing. He said that he had been practicing law since 1989 and that he had been doing defense work seven years at the time of the petitioner's trial in April 1997. He also said that the defense's theory of the case was that the petitioner was not guilty of felony murder because he had dissociated himself from the burglary when the victim was killed. Despite the trial court's ruling that it would not consider the issue of ineffective assistance of counsel with regard to improper jury instructions, the petitioner briefly cross-examined his trial attorney as to why the jury was not instructed on lesser included offenses of felony murder. The attorney acknowledged that at the time of the petitioner's trial, he was familiar with the concept of lesser included offenses. He said that it was his practice to file a pretrial motion requesting that a jury be instructed on all lesser included offenses and that he filed such a motion in this case. He said that during a pretrial hearing, the trial court determined that it was not going to charge any lesser included offenses of felony murder. He testified that the defense would have welcomed jury instructions on lesser included offenses because if the jury had found the petitioner guilty of a lesser included offense of felony murder, he would have received a shorter sentence. He said, though, that he did not spend a great deal of time trying to persuade the trial court to instruct the jury on lesser included offenses. The petitioner did not question the attorney regarding the attorney's failure to raise the issue on appeal of the petitioner's convictions.

The trial court dismissed the petition for post-conviction relief, holding that the petitioner received the effective assistance of counsel at trial. Although the trial court had stated at the evidentiary hearing that it would not consider the petitioner's ineffective assistance of counsel claim in paragraph seven, the trial court noted in its order denying post-conviction relief that the petitioner's attorney asked the trial court to instruct the jury on lesser included offenses of felony murder and that the trial court refused. It then stated,

> There was no proof presented at the post conviction hearing to demonstrate that the trial judge was in error in making this ruling. . . . Therefore, because trial counsel did seek lesser-included offenses but was denied an instruction by the Court, counsel cannot be faulted for the Court's action. The petitioner had not demonstrated by clear and convincing evidence that the trial Court was in error in deciding that lesser-included offenses were not justified under the proof at trial.

The only issue the petitioner raises in this appeal is whether the trial court improperly refused to consider the ineffective assistance of counsel claim raised in paragraph seven of his petition. He contends that "there was more than sufficient evidence to support the charge of a lesser included offense and to fail to do so was clearly error and amounts to ineffective assistance of counsel by trial counsel not preserving that issue." The state does not address the petitioner's argument that the trial court improperly struck paragraph seven from his petition. Instead, the state argues that the trial court properly denied the petitioner's petition for post-conviction relief.

In considering whether a post-conviction petition states a colorable claim for relief, the trial court is to take the facts alleged as true. See Tenn. Code Ann. § 40-35-206(f). "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post Conviction Procedure Act." Tenn. S. Ct. R. 28 § 2(H). The petition must disclose the factual basis for any grounds for relief, and a "bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Tenn. Code Ann. § 40-30-206(d).

Although we view the ineffective assistance of counsel claim raised in paragraph seven to be marginally sufficient, at best, we believe that the trial court should have allowed the petitioner to pursue the issue. The petition alleged that the petitioner received the ineffective assistance of counsel because his trial attorney failed to protect his constitutional right to proper jury instructions. When the petitioner specified the problem at the beginning of the hearing, the trial court should have given the petitioner leeway to prove his claim at the evidentiary hearing. Our supreme court has provided the following in its post-conviction procedural rules:

> If evidence is objected to on the basis that it concerns issues not raised in the petition or answer, the court may allow amendments and shall do so freely when the presentation of the merits of the cause will

> otherwise be subserved. The court shall liberally allow a continuance
> in the event an amendment is allowed to enable the objecting party to
> meet the evidence.

Tenn. S. Ct. R. 28, § 8(D)(5). Although the state objected to pursuit of the claim, it did not disclose any prejudice it would endure if the trial court allowed the claim to be pursued. We note that despite the trial court's stating that it was striking paragraph seven from the petition, the trial court partially ruled on the issue when it held in its order denying post-conviction relief that the attorney did not render ineffective assistance of counsel at trial because the attorney requested that the trial court instruct the jury on lesser included offenses. However, nothing was said or found regarding whether the petitioner received ineffective assistance of counsel on appeal.

At the evidentiary hearing, the petitioner asked his trial attorney on cross-examination a few questions about whether the attorney had asked the trial court to instruct the jury on the lesser included offenses of felony murder. However, the petitioner did not ask the attorney why he failed to raise the issue on appeal. Given the fact that the trial court had stated at the beginning of the evidentiary hearing that it would not consider the claim, we will not fault the petitioner's post-conviction counsel for not cross-examining the trial attorney further about the issue. Therefore, we remand the case to the trial court for another evidentiary hearing in order for the petitioner to question his trial attorney as to why the issue of lesser included offenses was not raised on appeal of his convictions and for the entry of findings of fact and conclusions of law.

Based upon the foregoing and the record as a whole, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

_____
JOSEPH M. TIPTON, JUDGE

-4-